IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDA D. SHED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:21-cv-00258-E-BT |
| | § | |
| AMAZON, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Amazon has filed a Motion for Summary Judgement in this Age Discrimination in Employment Act (ADEA) case. *Pro se* Plaintiff Linda Shed has abandoned her claims, and they are time-barred. Therefore, the District Court should GRANT the Motion (ECF No. 32) and dismiss all Shed's claims with prejudice.

**Background**

Amazon hired Shed as a fulfillment associate at the FTW1 fulfillment center in Dallas, Texas, on November 7, 2016. Def.'s App'x 9-10 (ECF No. 34). After an alleged disagreement over her "time off task," Amazon terminated Shed on October 26, 2018. *Id.* at 10-12, 22. Shed claims her termination violated the ADEA because both she and a younger employee had been unable to work one day due to their inability to process "bad pallets" at FTW1, but she was the only employee terminated for excessive time off task. *Id.* at 12-13.

1

Almost 22 months after her termination, Shed filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging age discrimination in violation of the ADEA. *Id.* at 16, 22. She received a right-to-sue letter from the EEOC on November 19, 2020. *Id.* at 26. Shed then filed suit in this Court on February 5, 2021. Compl. 1 (ECF No. 3).

On October 29, 2021, Amazon filed the pending Motion for Summary Judgment. Def.'s Mot. 1 (ECF No. 32). Shed failed to respond to Amazon's Motion. This district's local rules require responses to be filed within 21 days. N.D. Tex. Civ. R. 7.1(e). Accordingly, the Court considers the Motion without the benefit of a response.

## Legal Standard and Analysis

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citation omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992) (citation omitted). The parties may satisfy their respective burdens "by tendering depositions, affidavits,

and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (first citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); and then citing Fed. R. Civ. P. 56(e)).

The party opposing the summary judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy*, 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016) (Lindsay, J.) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). "Rule 56 does not impose a duty on the court to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Id.* (first citing *Ragas*, 136 F.3d at 458; and then citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)). The fact that a litigant is proceeding *pro se* in a particular case does not alter these principles. *See Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) ("[T]his is not to say that *pro se* plaintiffs don't have to submit competent evidence to avoid summary judgment, because they do.").

I. <u>The Court should grant summary judgment to Amazon because Shed has abandoned her claims.</u>

Shed did not respond to Amazon's Motion. It is well established in this Circuit that "[w]hen a plaintiff fails to defend a claim in response to . . . a summary judgment motion, the claim is deemed abandoned." *See Arias v. Wells Fargo*

*Bank, N.A.*, 2019 WL 2770160, at *2-3 (N.D. Tex. July 2, 2019) (Lindsay, J.) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)) (determining that the plaintiff abandoned his claim by failing to respond to the defendant's Supplement to Motion for Summary Judgment); *see also Cantu v. Freedom Mortg. Corp.*, 2021 WL 356840, at *2 (N.D. Tex. Jan. 4, 2021) (Rutherford, J.), *rec. adopted*, 2021 WL 351409 (N.D. Tex. Feb. 2, 2021).

While such a failure does not permit the court to enter a "default" summary judgment, a court is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

Shed failed to respond to Amazon's Motion. Accordingly, the Court finds that she has abandoned her age discrimination claim and that Amazon is entitled to summary judgment. *See Catlett v. Duncanville Indep. Sch. Dist.*, 2010 WL 3467325, at *12 (N.D. Tex. Sept. 2, 2010) (Kinkeade, J.) (citing *Black*, 461 F.3d at 588 n.1 (finding a claim abandoned when plaintiff failed to defend it in response to motion to dismiss)); *Scales v. Slater*, 181 F.3d 703, 708 n.5 (5th Cir. 1999) (finding plaintiff abandoned claim by failing to contest defendant's arguments for

4

dismissal of that claim). Therefore, the District Court should grant Amazon's Motion for Summary Judgment and dismiss all Shed's claims with prejudice.

    II.    <u>Alternatively, the Court should grant summary judgment to Amazon because Shed's claims are time-barred.</u>

Amazon contends that Shed's claims are time-barred because she did not file a charge of discrimination with the EEOC within 300 days of her termination. Def.'s Mot. 1. Based on the uncontroverted facts in the record, the Court agrees with Amazon.

The ADEA provides that an employee "may seek judicial relief for discriminatory employment practices based on age." *Roth v. Canon Sols. Am., Inc.*, 2019 WL 4597583, at \*6 (N.D. Tex. Sep. 23, 2019) (Rutherford, J.). However, the aggrieved employee "must exhaust their administrative remedies by filing a timely charge of discrimination with the EEOC; it is a procedural prerequisite to a plaintiff's suit." *Id.* (first citing 28 U.S.C. § 626(d)(1); and then citing *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1850-51 (2019)). "For cases arising in Texas, a complainant must file [with the EEOC] within 300 days of the last act of discrimination." *Julian v. City of Houston*, 314 F.3d 721, 726 (5th Cir. 2002) (first citing 29 U.S.C. § 626(d); and then citing *Anson v. Univ. of Tex. Health Sci. Ctr. at Hous.*, 962 F.2d 539, 540 (5th Cir. 1992)). When a plaintiff fails to timely file a charge with the EEOC, summary judgment is appropriate. *See Tillison v. Trinity Valley Elec. Co-op. Inc.*, 204 F. App'x 346, 348 (5th Cir. 2006) (affirming grant of summary judgment for an ADEA claim due to plaintiff's failure to timely file); *see*

*also Roth*, 2019 WL 4597583, at *8; *Stith v. Perot Sys. Corp.*, 122 F. App'x 115, 117 (5th Cir. 2005).

Shed was terminated October 26, 2018. Def.'s App'x 22. She was therefore required to file a charge with the EEOC before August 23, 2019. However, she did not file her claim with the EEOC until August 13, 2020—657 days after the last alleged discriminatory act. *Id.* Accordingly, Shed's ADEA claim is time-barred, and should be dismissed with prejudice. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (agreeing that dismissal of a case as time-barred should be with prejudice).

## **RECOMMENDATION**

The District Court should GRANT Amazon's Motion for Summary Judgment (ECF No. 32) and DISMISS all Shed's claims with prejudice.

**SO RECOMMENDED** on July 5, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).